UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM DAVID ARENDALL, ) | |
| ) | |
| Petitioner, ) | 3 09 0636 |
| ) | |
| v. ) | No. 3:09mc0088 |
| ) | **JUDGE HAYNES** |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, ET AL., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

Petitioner, proceeding *in forma pauperis*, is a prisoner in the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. Petitioner brings this *pro se* action seeking federal *habeas corpus* relief, naming as respondents the Tennessee Department of Correction (TDOC), TDOC Commissioner George Little, and HCCF Warden Joe Easterling. Petitioner does not specify whether he is seeking federal *habeas corpus* relief under 28 U.S.C. § 2254 or § 2241.

Petitioner complains about his continued confinement in the protective custody unit at HCCF, and the effect his continued confinement in protective custody has had on his efforts to obtain a transfer to another institution. Federal *habeas corpus* relief under § 2254 pertains only to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* at § (a). Petitioner does not allege, nor can it be liberally construed from the pleadings, that he is being held in custody under these circumstances. Therefore, § 2254 is inapplicable to this action.

Whereas, petitions under § 2254 typically are used to challenge the imposition of the sentence, § 2241 generally is used to challenge the execution and manner in which the sentence is served. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Here Petitioner is challenging the manner in which he is serving his sentence. Therefore, if Petitioner is entitled to federal *habeas corpus* relief at all, grounds for relief would arise under § 2241.

Just as petitioners who seek relief under § 2254 are required to exhaust their claims in state court, the exhaustion requirement pertains to actions brought under § 2241. *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 235-236 (6th Cir. 2006); *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001). In its June 18, 2009 Order (Docket Entry No. 5) the Court directed Petitioner to advise the Court within ten (10) days "what efforts he has made to exhaust any state law remedy" that he may have. (Docket Entry No. 5) Petitioner has not responded to the Court's Order, nor has he sought an extension of time to do so.

Petitioner has failed to establish that he exhausted his remedies in state court prior to bringing this action. Accordingly, this action will be dismissed without prejudice for failure to exhaust, and for failure to comply with the orders of the Court.

An appropriate order will be entered.

William J. Haynes, Jr.
United States District Judge
7-9-09

2

Case 3:09-cv-00636   Document 8   Filed 07/10/09   Page 2 of 2 PageID #: 39